**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JONATHAN M. ISOM**                                                                                              **PLAINTIFF**

**V.**                                                                 **CIVIL ACTION NO. 2:16-CV-109-KS-MTP**

**VALLEY FORGE INSURANCE COMPANY, et al.**                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court the Motion to Disqualify Willie E. Gary, Esq., James L. Brown, Esq., and their Law Firms, Gary, Williams, Parenti, Watson & Gary, PLLC, and James L. Brown and Associates and to Strike the Complaint ("Motion to Disqualify") [2] and the Motion to Revoke James L. Brown, Esq's Admission Pro Hac Vice ("Motion to Revoke") [21] filed by Defendants Valley Forge Insurance Company and Transportation Insurance Company, and the Motion for Willie E. Gray to Appear Pro Hac Vice [17] and the Supplemental Motion for Willie E. Gary to Appear Pro Hac Vice [26] (collectively "Motions to Appear Pro Hac Vice [17][26]") filed by Plaintiff Jonathan M. Isom.  After considering the submissions of the parties, the record, and the applicable law, the Court finds the following:

    1)       the Motion to Disqualify [2] should be granted in part and denied in part;

    2)       the Motion to Revoke should be granted; and

    3)       the Motion to Appear Pro Hac Vice should be denied.

## I.  BACKGROUND

On January 4, 2016, Plaintiff Jonathan M. Isom ("Plaintiff") filed this action in the Circuit Court of the First Judicial District of Hinds County, Mississippi.  The Complaint [1-1] was signed by his attorney, Halbert E. Dockins, Jr. ("Dockins").  Though Dockins' address is not listed on the

Complaint [1-1] as required by both the federal and Mississippi rules of procedures, the Court is aware that his office is in Jackson, Mississippi, and that Dockins is licensed to practice in the state of Mississippi. (*See* Civil Cover Sheet [1-5].) Underneath the signature line of the Complaint [1-1], under the heading "Of Counsel and pending Pro Hac Vice," the names, addresses, and phone numbers of Willie E. Gary, Esq. ("Gary"), and James L. Brown, Esq. ("Brown"), were listed.

On February 3, 2016, Defendants Valley Forge Insurance Company and Transportation Insurance Company (collectively "Defendants")[1] removed the case to this Court and filed their Motion to Disqualify [2], claiming, *inter alia*, that Gary and Brown engaged in the unauthorized practice of law by allowing their names, addresses, and phone numbers to appear on the Complaint [1-1], and requesting the Court disqualify the attorneys and their law firms and to strike the Complaint [1-1] from the record. No response to this motion was filed by Plaintiff.

On April 1, 2016, Plaintiff filed motions for the pro hac vice admission of both Gary and Brown. The Court granted pro hac vice admission to Brown, but denied it to Gary based on a failure to file a certificate of good standing. Defendants filed their Response in Opposition [19] to Plaintiff's Motion to Appear Pro Hac Vice [17] with respect to Gary on April 5, 2016, and filed their Motion to Revoke [21] with respect to Brown on April 7, 2016. Plaintiff submitted no response to either of these filings, and submitted their Supplemental Motion to Appear Pro Hac Vice [26] on April 15, 2016.

After considering the submissions of the parties, the record, and the applicable law, the Court is now ready to rule.

---

[1]This action was also brought against Defendants Gathering Insurance Services, LLC, and CNA Financial Corporation, but neither had been served with process when the relevant motions were filed. CNA Financial Corporation has since been dismissed from the case for failure to serve process.

## II.  DISCUSSION

The Mississippi Supreme Court has clearly stated that a counsel's name and office address appearing on a pleading constitutes an appearance under Mississippi law.  *See In re Williamson*, 838 So.2d 226, 235 (Miss. 2002) ("In the future, attorneys are hereby noticed and cautioned that a foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings *or allows his or her name to be listed on the pleadings*.") (emphasis added).  In making an appearance, an attorney "hold[s] [him]self out to be representing a client." *Id.*  The Court does not find it of any consequence, then, that Gary and Brown were listed as "Of Counsel and pending Pro Hac Vice," because, by allowing their names to be on the Complaint [1-1], they held themselves out to be representing Plaintiff and were engaged in the unauthorized practice of law in the state of Mississippi.  *See id.*  It is therefore within the sound discretion of the Court to deny Gary's Motion to Appear Pro Hac Vice [17][26] and revoke Brown's pro hac vice status.  The Court is perplexed by the fact that seasoned counsel who have previously appeared in this court in other cases ignored the rule that they were familiar with.[2]

Though the Court may have been persuaded to refrain[3] from exercising its discretionary authority upon a showing of good cause, Gary and Brown have filed no response to Defendants' Motion to Disqualify [2] or their Motion to Revoke [21].  They have also filed no reply to

---

[2]It is noted that the letter that was improperly submitted as a response to the Motion states that the usage of the language "of counsel and pending pro hac vice" is regularly done and approved by this Court.  This Court has never seen this and made inquiry to the Magistrate Judge who responded likewise.

[3]L.U.Civ.R. 83.1 (d)(7) is clear and says "*Standards for Admission*." . . . An application ordinarily should be granted unless the Court finds reasons to believe that . . . (E) admission should be denied because the applicant had before the application, filed or appeared in the Federal Court without having secured approval under these rules.

Defendants' opposition to Gary's Motion to Appear Pro Hac Vice [17][26].  Absent any effort on the part of the attorneys to excuse their unauthorized practice of law,[4] the Court will **deny** Gary's Motion to Appear Pro Hac Vice [17][26], and Gary shall not be allowed to appear in this case.  The Court will also **grant** Defendants' Motion to Revoke [21].  Brown's pro hac vice admission will be **revoked**, and he shall not be allowed to continue in this case.  The Motion to Disqualify [2] will be **granted** insofar as Gary and Brown shall be **disqualified** from continuing in this matter.

However, because striking the Complaint [1-1] would be an extraordinary remedy which Defendants have not shown is warranted, the Court will **deny** the Motion to Disqualify [2] with regards to Defendants' request that the pleadings be struck.  Furthermore, Defendants have not shown that Gary and Brown's actions can be imputed to their respective firms, and the Court will not disqualify the law firms at this time.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Disqualify [2] is **granted in part** and **denied in part**.  It is **granted** in that Gary and Brown are **disqualified** from continuing in this matter.  It is **denied** in that the Complaint [1-1] will not be struck and the law firms will not be disqualified from seeking pro hac admission in the future.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion to Appear Pro Hac Vice [17][26] will be **denied**.

---

[4]Local counsel in this case did submit a response to Defendants' arguments through a letter sent to chambers on July 25, 2016, over three months after Defendants filed their Motion to Revoke [21] and over five months after the filing of the Motion to Disqualify [2].  Even if it were to accept such an untimely response, the Court will not entertain arguments not properly filed on the record.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Revoke [21] will be **granted**.  Brown's pro hac vice admission will be **revoked**.

SO ORDERED AND ADJUDGED this the 5th day of August, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE