IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JONATHAN M. ISOM                                                                           PLAINTIFF

V.                                                                CIVIL ACTION NO. 2:16-CV-109-KS-MTP

VALLEY FORGE INSURANCE COMPANY, et al.                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court the Motion for Reconsideration [71] filed by Plaintiff Jonathan M. Isom. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

**I. BACKGROUND**

On January 4, 2016, Plaintiff Jonathan M. Isom ("Plaintiff") filed this action in the Circuit Court of the First Judicial District of Hinds County, Mississippi. The Complaint [1-1] was signed by his attorney, Halbert E. Dockins, Jr. ("Dockins"). Though Dockins' address is not listed on the Complaint [1-1] as required by both the federal and Mississippi rules of procedures, the Court is aware that his office is in Jackson, Mississippi, and that Dockins is licensed to practice in the state of Mississippi. (*See* Civil Cover Sheet [1-5].) Underneath the signature line of the Complaint [1-1], under the heading "Of Counsel and pending Pro Hac Vice," the names, addresses, and phone numbers of Willie E. Gary, Esq. ("Gary"), and James L. Brown, Esq. ("Brown"), were listed.

On February 3, 2016, Defendants Valley Forge Insurance Company and Transportation Insurance Company (collectively "Defendants")[1] removed the case to this Court and filed their

---

[1]This action was also brought against Defendants Gathering Insurance Services, LLC, and CNA Financial Corporation, but neither had been served with process when the relevant motions were filed. CNA Financial Corporation has since been dismissed from the case for failure to

1

Motion to Disqualify [2], claiming, *inter alia*, that Gary and Brown engaged in the unauthorized practice of law by allowing their names, addresses, and phone numbers to appear on the Complaint [1-1], and requesting the Court disqualify the attorneys and their law firms and to strike the Complaint [1-1] from the record.  ***No response to this motion was filed by Plaintiff.***

On April 1, 2016, Plaintiff filed motions for the pro hac vice admission of both Gary and Brown.  The Court granted pro hac vice admission to Brown, but denied it to Gary based on a failure to file a certificate of good standing.  Defendants filed their Response in Opposition [19] to Plaintiff's Motion to Appear Pro Hac Vice [17] with respect to Gary on April 5, 2016, and filed their Motion to Revoke [21] with respect to Brown on April 7, 2016.  ***Plaintiff submitted no response to either of these filings***, and submitted their Supplemental Motion to Appear Pro Hac Vice [26] on April 15, 2016.

***At no point did Plaintiff ever file on the record any response to Defendants' arguments that his attorneys should be disqualified and should not be granted pro hac vice status.***

On August 5, 2016, the Court entered an Order [67] granting in part and denying in part the Motion to Disqualify [2], denying the Motion to Appear Pro Hac Vice [17], and granting the Motion to Revoke [21].  Gary and Brown were both disqualified from continuing in this case.

## II.  DISCUSSION

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Plaintiff's Motion for Reconsideration [71] was filed within this twenty-eight day period.

---

serve process.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008). Plaintiff's motion is premised on the need to correct a clear error of law. Rule 59(e) motions are ***"not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."*** *Templet*, 367 F.3d at 478.

Plaintiff's argument should have properly been brought after Defendants' motions were filed, but Plaintiff submitted no such response. The Court will not alter its previous ruling to consider arguments which Plaintiff had a previous opportunity to make and which he completely failed to advance. Plaintiff's Motion for Reconsideration [71] will therefore be **denied**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration [71] is **denied**.

SO ORDERED AND ADJUDGED this the 9th day of September, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE